UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re<br><br>Rafael R. Gonzalez<br>*and* Mayra M. Gonzalez,<br><br>      Debtors. | Case No.: 13-10791-RAM<br><br>CHAPTER 13 |

**BANK OF AMERICA'S LIMITED OPPOSITION TO
TRUSTEE'S OBJECTION TO CLAIM #4 FILED BY BANK OF AMERICA**

    Bank of America, N.A., secured creditor in the above entitled Bankruptcy proceeding, its assignees and/or successors in interest ("Creditor,") holds the junior lien on the subject property generally described as **8910 NW 153rd Terrace, Miami Lakes, FL 33018-1333** ("Subject Property,") and hereby submits the following Limited Opposition to Trustee's Objection to Claim #10 Filed by Bank of America ("Limited Opposition"):

**FACTS**

    1.    Debtor filed this voluntary Chapter 13 bankruptcy on January 14, 2013.

    2.    On February 19, 2013, Creditor filed its Proof of Claim, which was docketed as Claim #4 ("POC").

    3.    On or about January 28, 2015, Creditor sent a principal forgiveness letter ("Principal Forgiveness"), which purported to forgive the remaining principal balance due on the loan obligation.

    4.    The Principal Forgiveness took effect only after April 28, 2015.  Until this date, the Debtors had an opportunity to opt out of forgiveness.  A true and correct copy of the letter is attached hereto as **Exhibit "A"**.

    5.    The Principal Forgiveness did not include the amounts paid to the Creditor before

1

the date of April 28, 2015.

6.     On September 16, 2015 at Doc 66, the Trustee filed an Objection to Claim #4 ("Objection").

7.     On October 1, 2015, Creditor filed an Amended POC ("Amended POC"), which was docketed as Amended 4 in the amount of $3,999.58.

## APPLICABLE LAW

A Proof of Claim executed and filed constitutes prima facie evidence of the validity and amount of the claim. Federal Rule of Bankruptcy Procedure 3001 (f); In re Holm, 931 F.2d 620, 623 (9th Cir. 1991) quoting 3 Lawrence P. King, Collier on Bankruptcy Case Section 502.02, at 502-22 (15th ed. 1991). After an objection is raised, the objector bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Intern, Inc., 954 F.2d 167, 173 (3rd Cir. 1992). If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of evidence that the claim deserves to share in the distribution of the debtor's assets. Allegheny Intern, Inc., 954 F.2d at 174; Holm, 931 F2d at 623; 3 Lawrence P. King, Collier on Bankruptcy, Section 502.02 at 502-22 (15th ed. 1993).

Creditor requests that any Order on the Trustee's Objection indicate that Bank of America shall be allowed to retain all funds received prior to the Principal Forgiveness opt out date. Although this loan is subject to Principal Forgiveness, it did not take effect until April 28, 2015. Creditor had an allowed claim until April 28, 2015. The Trustee's Objection states that the Trustee has paid an amount of $4,505.57. Creditor filed an Amended POC listing the amount owed prior to the opt out date as $3,999.58. Creditor previously forwarded a refund check to the Trustee for $203.47. Creditor is in the process of forwarding a final refund check in the amount of $302.52. Creditor is allowed to retain the $3,999.58 received pursuant to its Amended POC and requests that any order on Trustee's objection so indicate.

WHEREFORE, Creditor prays as follows:

(1)  That Creditor's Amended POC in the amount of $3,999.58 be allowed, that the Order on the Trustee's Objection indicate that Bank of America is allowed to retain the $3,999.58 already remitted to Bank of America, that the amended POC is paid and full, and Trustee shall not make any further distribution on the Amended POC .

(2)  For such other relief as this Court deems proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida , and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

Dated:  10/14/2015 By: /s/ Gerard M. Kouri, Jr.
GERARD M. KOURI, JR., ESQUIRE
Bar No. 375969
Retained Counsel
Gerard M. Kouri, Jr. P.A.
5311 King Arthur Avenue
Davie, Florida 33331
(954) 862-1731
(954) 862-1732 fax
gmkouri@aol.com
B.507-6841.NF

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of Limited Opposition to Trustee's Objection to Claim #4 filed by Bank of America has been furnished this 14th day of October, 2015 electronically or by U.S. Mail to all of the parties listed on the attached Service List.

      By: /s/ Gerard M. Kouri, Jr.
        GERARD M. KOURI, JR., ESQUIRE
      Bar No. 375969
      Retained Counsel
      Gerard M. Kouri, Jr. P.A.
      5311 King Arthur Avenue
      Davie, Florida 33331
      (954) 862-1731
      (954) 862-1732 fax
      gmkouri@aol.com

      Attorneys for Bank of America, N.A., its assignees and/or successors in interest

SERVICE LIST

Mailing list for Bankruptcy Case No. 13-10791-RAM:

Rafael R. Gonzalez
Mayra M. Gonzalez
8910 NW 153rd Terrace
Miami Lakes, FL 33018
Debtors

Electronic mailing list for Bankruptcy Case No. 13-10791-RAM:

Becket and Lee LLP
notices@becket-lee.com

Green Tree Servicing (Wade)
perry.w.wade@gt-cs.com

Nancy K. Neidich
e2c8f01@ch13herkert.com, ecf2@ch13herkert.com

Office of the US Trustee

4

USTPRegion21.MM.ECF@usdoj.gov

Dean R. Prober
cmartin@pralc.com

Robert Sanchez on behalf of Debtors
court@bankruptcyclinic.com, courtECFmail@gmail.com

Matthew H Scott
mhs@trippscott.com, bankruptcy@trippscott.com

Victor H Veschio
firm@vlgfl.com;VictorLawGroup@gmail.com;KIS@vlgfl.com;MJS@vlgfl.com